UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Moses Fuchs, individually and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br><br><br><br> -v.- <br><br> Zwicker & Associates, P.C. <br><br> Defendant(s). | Civil Action No: 1:20-cv-5925 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Moses Fuchs (hereinafter, "Plaintiff"), a New York resident, brings this Class Action

Complaint by and through his attorneys, Horowitz Law, PLLC, against Defendant Zwicker &

Associates, P.C.  (hereinafter "Defendant" or "Zwicker" or "Defendant Zwicker") individually and

on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, based upon information and belief of Plaintiff's counsel, except for allegations

specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA")

in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

concerned that "abusive debt collection practices contribute to the number of personal

1

bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws "were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6.      Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7.     Plaintiff is a resident of the State of New York, County of Kings.

8.     Defendant Zwicker is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service in New York and can be served upon their registered agent, CT Corporation System, 28 Liberty Street, New York, NY 10005.

9.     Upon information and belief, Defendant Zwicker is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

**CLASS ALLEGATIONS**

10.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

a)  all individuals with addresses in the State of New York;

b)  to whom Defendant Zwicker sent an initial collection letter attempting to collect a consumer debt;

c)  that failed to properly itemize the alleged balance;

d)  and included "non-interest charges or fees" in the breakdown of the debt without any explanation of the other charges or fees;

e)  which letter was sent on or after one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and §1692g.

15.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue

4

is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and §1692g.

c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to December 31, 2019 an obligation was allegedly incurred to either U.S. Bank National Association.

21.     The U.S. Bank National Association obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

22.     The alleged U.S. Bank National Association obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23.     U.S. Bank National Association is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

24.     U.S. Bank National Association contracted with Defendant Zwicker to collect the obligation.

25.     Defendant Zwicker collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – December 31, 2019 Collection Letter*

26.     On or about December 31, 2019 the Defendant Zwicker sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to U.S. Bank National Association. **See Collection Letter – Attached hereto as Exhibit A.**

27.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G-Notice", which must include the following information:

   a)  the amount of the debt;

   b)  the name of the creditor to whom the debt is owed;

   c)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   d)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   e)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

28.     The Defendant's Letter did not contain all the requirements of the "G-Notice". Specifically, this Letter deceptively fails to identify the exact amount of the debt owed.

29.     In addition, the Letter contains a breakdown of the balance as follows:

| Total amount due as of charge-off | $4,550.00 |
|---|---|
| Total amount of interest accrued since charge-off | N/A |
| Total amount of non-interest charges or fees accrued since charge-off | +$687.97 |
| Total amount of payments/credits made since charge-off | -$0.00 |

30.    Defendant's breakdown contains non-interest charges or fees accrued since charge-off without any explanation as to these charges.

31.    No explanation is given in the letter as to what would cause these charges or fees after the debt has been charged-off to occur and if these charges could re-occur and if it would re-occur at what frequency.

32.    Plaintiff has no basis to determine what "charges or fees" could affect his balance day to day besides interest.

33.    If Defendant is aware of the "charges or fees" that would lead to an increase of the balance, Defendant should clarify and explain them in the letter.

34.    Furthermore, the Letter does not disclaim if the account would continue to accrue these charges.

35.    The language is false and deceptive as Plaintiff was unable to determine what the charges or fees are and whether it would be recurring in the future.

36.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

37.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38.    Defendant Zwicker's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

39.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40.    Defendant Zwicker violated said section by:

   a)  Making a false and misleading representation in violation of § 1692e(10);

   b)  Falsely representing the character amount or legal status of the debt in violation of §1692e(2).

41.    By reason thereof, Defendant Zwicker is liable to Plaintiff for judgment that Defendant Zwicker's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

42.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43.    Defendant Zwicker's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

44.    When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include a clear breakdown of the balance owed. §1692g(a)(1).

45.     Defendant violated this section by unfairly failing to advise Plaintiff as to the basis for the additional charges or fees and therefore not properly identifying the amount of the debt.

46.     By reason thereof, Defendant Zwicker is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

47.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48.     Defendant's debt collection efforts attempted and/or directed toward Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

49.     Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

50.     Defendant violated this section by

   a) Unfairly adding additional "charges or fees", when no other charges or fees are allowed by contract or law.

51.      By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

52.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Moses Fuchs, individually and on behalf of all others similarly situated, demands judgment from Defendant Zwicker as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 6, 2020

Horowitz Law, PLLC

/s/ *Uri Horowitz*
By: Uri Horowitz
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
*Attorneys For Plaintiff*